**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

MITCHEL S. GUTTENBERG,          :
                                          Civil Action No. 12-4530 (RMB)
            Petitioner,         :

            v.                  :     **OPINION**

WARDEN DONNA ZICKEFOOSE,        :
et al.
                                :
            Respondents.


**APPEARANCES:**

    Petitioner <u>pro se</u>
    Mitchel S. Guttenberg
    59771-054
    FCI Fort Dix
    PO Box 2000
    Fort Dix, NJ 08320

    Attorney for Respondents
    David Vincent Bober
    Office of the U.S. Attorney
    District of New Jersey
    402 East State Street
    Room 430
    Trenton, NJ 08608

**BUMB**, District Judge

    Petitioner Mitchel S. Guttenberg, a prisoner currently confined at FCI Fort Dix, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the

Because it appears from a review of the relevant record that Petitioner is not entitled to relief, the Petition will be denied.

I. BACKGROUND

Petitioner brings the instant Petition challenging the Federal Bureau of Prison's ("BOP") determination that he is not eligible to participate in the Residential Drug Abuse Program ("RDAP"). Petitioner asserts that the BOP violated Section 706 of the Administrative Procedures Act ("APA") and also violated Petitioner's substantive due process rights by the denial of admission to the RDAP program. Petitioner seeks an order from this Court to compel the BOP to deem him eligible for the RDAP program.

Petitioner is currently an inmate at FCI Fort Dix. He is serving a 78 month sentence with a three-year term of supervised release for a November 3, 2008 securities fraud conviction in the United States District Court for the Southern District of New York. See United States v. Guttenberg, 07 Cr. 141 (S.D.N.Y.) (Docket No. 64). Petitioner's projected release date is

---

Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

September 17, 2014.  Answer, Docket No. 7-2, Declaration of Tara Moran, Exhibit 1.

Petitioner applied for admission into the RDAP program in the summer of 2011 and was later informed that he was not eligible for participation because he did not submit documentation to suggest substance abuse within the twelve month time period prior to his arrest.  Petition, Docket No. 1, Memorandum In Support Of Motion For a Writ of Habeas Corpus, page 2.

According to Dr. Joshua Houseman, Drug Abuse Program Coordinator at FCI Fort Dix, since Petitioner was arrested on March 1, 2007, his target dates for diagnosis of substance abuse with respect to consideration for the RDAP program are March 1, 2006 to March 1, 2007.  Answer, Docket No. 7-1, Declaration of Dr. Joshua Houseman, ¶¶ 1, 6.  Dr. Houseman evaluated Petitioner's central file in assessing whether or not Petitioner was eligible for admission into the RDAP program.  Id. at ¶6.  Petitioner's presentence investigation report was used in part to assess his eligibility.  Id.  The report states:

> Guttenberg admitted to using marijuana in the first two years of college.  He explained that he did not enjoy it and never used that substance again.  He disclaimed past or present use of all other illicit drugs.  The defendant rarely drinks alcohol and has never smoked cigarettes.  The results from a drug test taken April 8, 2008, were negative.  The defendant's mother has never known him to use drugs or drink alcohol.

3

Id.  There was no evidence of substance abuse in Petitioner's file and outside documentation was reviewed, but the outside documentation provided by Petitioner did not establish any information from a substance abuse treatment provider for any diagnosis or treatment for substance abuse during the subject time period.  Id., ¶¶ 6-8.  Thus Petitioner was deemed ineligible for RDAP participation.  Id.  Petitioner exhausted his administrative remedies with respect to this issue.  Id.

   Petitioner asserts in his Petition that he satisfied the eligibility requirements to be enrolled in RDAP and alleges that the reason why his presentence report interview contained no reference to alcohol abuse was that he was advised by his defense attorney not to discuss the issue.  Petition, Docket No. 1, Memorandum In Support Of Motion For a Writ of Habeas Corpus, page 3.  Petitioner asserts that although he did not attest to alcohol dependence at that time, he later showed evidence of his dependence through letters from a certified clinical psychologist who treated him subsequent to his arrest and another substance abuse professional who Petitioner asserts had treated him previously.  Id. at 4.  However, those letters did not offer information to verify substance abuse by Petitioner during the relevant time period.  Answer, Docket No. 7-1, Declaration of Dr. Joshua Houseman, ¶¶ 7-8.  In fact, the veracity of certain

4

assertions could not be verified despite attempts to do so by BOP staff.  Id., ¶8.

## II.  DISCUSSION

A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

B.  The Petition Will Be Denied

In 1990, Congress charged the Bureau of Prisons with making available "appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out that requirement, as part of the 1994 Violent Crime Control and Law Enforcement Act, Congress amended § 3621 to require the

5

BOP, subject to the availability of appropriations, to provide residential substance abuse treatment for all "eligible" prisoners.  See 18 U.S.C. § 3621(e)(1)(C).  An "eligible" prisoner is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B) (i) and (ii).  As an incentive for successful completion of the residential treatment program, the period of time a prisoner convicted of a nonviolent offense remains in custody after successfully completing such a treatment program may be reduced up to one year by the BOP.  See 18 U.S.C. § 3621(e)(2).

    As discussed in depth in this Court's earlier opinion in the matter of Anderson v. Schultz, it is within the BOP's discretion as to how to determine which inmates have a substance abuse problem in order to determine the prisoner's eligibility for the RDAP program.  See Anderson v. Schultz, Civil Action No. 09-4683 (RMB), 2010 WL 5017352, at *4 (D.N.J. November 23, 1010).  The BOP uses a definition of substance abuse which considers certain symptoms which occurred within the twelve-month period immediately preceding the prisoner's entrance into incarceration.  Id. at *3-4.  The BOP policy, which relies upon review of an inmate's pre-sentence investigation report and central file, has

been held to be reasonable by many courts.  See id. at *4 (collecting cases).

    Here, this Court finds that the BOP did not abuse its discretion in determining that Petitioner was unqualified to participate in the RDAP program.  The BOP examined Petitioner's eligible dates and found that there was no evidence to suggest that Petitioner had a substance abuse problem during that time period.  In fact, according to Petitioner's pre-sentence investigation report, which was used in making the determination, Petitioner had personally attested to the fact that he did not previously have a substance abuse problem.

    Accordingly, since Petitioner has not shown any evidence that he did in fact have a substance abuse problem during the time period in question for determination of RDAP eligibility, and since the record does not shown that the BOP was provided any evidence of substance abuse by Petitioner during the one year period leading up to his arrest, it appears that Petitioner has not shown that Respondents abused their discretion with regard to the determination that Petitioner is not eligible for participation in the RDAP program.

    To the extent that Petitioner attempts to challenge the BOP's overall RDAP policy in addition to challenging his own denial of admission into the program, that challenge fails because as noted above, the BOP's RDAP policies have previously

been determined to be reasonable.  See <u>Anderson</u>, supra, at *4; see also <u>Rosenfeld v. Samuels</u>, Civil Action No. 07-2907 (RMB), 2008 WL 819630, *3 (D.N.J. March 26, 2008) (collecting cases).

To the extent that Petitioner attempts to assert a deprivation of a liberty interest in reduction of sentence, that challenge also fails since no liberty interest exists in receiving a sentence reduction.  See <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (holding that liberty interests afforded to prisoners are "generally limited to freedom from restraint which [...] imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  Thus, denial of entry in the RDAP program and subsequent ineligibility for potential sentence reduction after participation in RDAP is not a "atypical and significant hardship" upon an inmate.  <u>See</u>, e.g., <u>Washington v. Zickefoose</u>, Civil No. 12-303 (RBK), 2012 WL 5247623, at *3 (D.N.J. Oct. 24, 2012).

### III.  CONCLUSION

For the reasons set forth above, the petition will be denied.  An appropriate order follows.

s/Renée Marie Bumb<br>
Renée Marie Bumb<br>
United States District Judge

Dated: April 11, 2013